IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JHON BRISKEN, #A021-9610<br><br>Petitioner,<br><br>vs.<br><br>HAWAII,<br><br>Respondent. | CIV. NO. 19-00524 JAO-KJM<br><br>ORDER DISMISSING PETITION<br>AND DENYING CERTIFICATE OF<br>APPEALABILITY |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court is pro se Petitioner Jhon Brisken's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule[s]"). Because it is clear from the face of the Petition that it is untimely and not subject to equitable tolling, and is fully unexhausted, the Petition is DISMISSED pursuant to 28 U.S.C. §§ 2244(d) and 2254(b)(1). This dismissal is with prejudice. Any request for a certificate of appealability is DENIED.

# I. **BACKGROUND**[1]

The instant Petition is, essentially, blank. It does not identify the criminal proceedings that Brisken is challenging or allege any claims for relief. Instead, Brisken refers to an "open 10[-year]" sentence, and says that he pled no contest to "Burglary 1st" and "Burglary in the 2nd." Pet. at 1.[2] He affirms that he did not directly appeal his criminal conviction and has not filed any state petition for post-conviction relief. *See id.* at 2-4. Brisken's only statement of facts is an explanation why the Petition should be considered timely:

> I didnt know any thing about appealing or pre post conviction I stumbled onto this whole thing because of the deliberate indifference claim that I filed against this profit prison the hawaii inmates are in for denieing me medical assistance for the past 4 years case no 2:16-cv-02434-JJT-ESW [(D. Ariz.)][.] During the fileing of this lawsuit I started to figure out a few things that I didnt know about the law like pre post conviction I didnt know I could bring my case back to trial and if it wasnt for the fileing of my lawsuit Brisken v. Griego I woudnt of known anything about this which is why it took me so long to file this petition after Ms Jennifer Brown of the Hawaii Innocence Project explained to me that the HPD had some one elses finger prints on the door handle and cell phone and if the court orders them to make to make some kind of attempt to link up the finger prints and if

---

[1] These facts are taken from the Petition, Brisken's first federal habeas petition in *Brisken v. Attorney General*, Civ. No. 18-00163 SOM-KSC (D. Haw.) (dismissed June 12, 2018), and Hawaiʻi state court databases in Brisken's criminal proceedings. *See* Fed. R. Evid. 201(b); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating courts "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue"); *see also* eCourt Kokua, http://www.courts.state.hi.us (follow "eCourt Kokua") (last visited Nov. 1, 2019).

[2] The Court refers to the pagination assigned to filed documents by the Federal Judiciary's electronic case management system (CM/ECF).

> some ones finger prints match that would constitute new evidence
> along with my court appointed attorney failing to info me . . . of any
> of this and just letting me plead out to this while we argued the whole
> time for fear of the exstended sentence that his failure to file some
> type of pretrial motion to get the police to make some type of effort to
> see whose finger prints they have and to surpress the evidence on the
> eyewitness misidentification line up process that his neglagence
> costed me 10 years of my life I was highly offended that on the last
> year of my 10 year sentence "to just find out" that the copps had some
> ones finger prints and alvin nishimura knew it after hearing that I am
> attempting to refute this case.

Pet. at 13-14. Brisken seeks a new trial.

The Petition can only be understood with reference to Brisken's first federal habeas petition in *Brisken v. Attorney General*, Civ. No. 18-00163 SOM-KSC (D. Haw.) ("First Petition"), that he filed on May 3 and voluntarily dismissed on June 12, 2018. In that petition, Brisken challenged his conviction for Burglary in the First Degree in *State v. Brisken*, Cr. No. 11-1-0291 (Haw. 1st Cir. Ct.). Brisken was sentenced to a ten-month term of incarceration in Cr. No. 11-1-0291, to be served concurrently with a ten-month term of incarceration in *State v. Brisken*, Cr. No. 10-1-1890 (Haw. 1st Cir. Ct.), for Burglary in the Second Degree.[3] Brisken's terms of incarceration were to be followed by five-year terms of probation in each case. On September 23, 2013, however, Brisken's probation was revoked in both cases and he was sentenced to ten years' imprisonment in Cr. No. 11-1-0291, and

---

[3] Brisken did not challenge his conviction in Cr. No. 10-1-1890. *See* Civ. No. 18-00163, Pet. at 5 ("[P]le[a]se understand the 2nd Degree Burglary I admit to.").

five years' imprisonment in Cr. No. 10-1-1890, to be served concurrently.[4]

The Court dismissed Brisken's First Petition on May 21, 2018, with leave granted to amend on or before June 21, 2018. *See* Civ. No. 18-00163, Order to Show Cause and Dismissing Petition ("Order to Show Cause"), ECF No. 6. Brisken was directed to show cause why his claims should not be dismissed for his: failure to allege any federal bases for his claims; failure to exhaust his claims or show why exhaustion is excused; and his failure to explain why his claims are not time-barred, or equitably tolled. *Id.* at 32-25.

Rather than respond to the Order to Show Cause or file an amended petition, Brisken dismissed the action on June 12, 2018. ECF No. 7. He filed the current Petition more than fifteen months later, on September 30, 2019, apparently to show cause why his claims (as vaguely alleged in the First Petition) are not time-barred.

## II. **DISCUSSION**

Despite the careful directions Brisken received in the Order to Show Cause, explaining what information he must provide to successfully challenge his state convictions, the present Petition repeats each deficiency of the First Petition.

---

[4] Brisken has apparently completed his sentence in Cr. No. 10-1-1890, and is scheduled for release in Cr. No. 11-1-0291 on September 24, 2021. *See* https://www.vinelink.com (last visited Nov. 1, 2019).

Further, Brisken clarifies that he has not exhausted any claim in the state courts and that his claims are time-barred and have no basis for equitable tolling of the statute of limitation.

**A.     Preliminary Issues**

Brisken again fails to name the correct respondent, that is, the warden of the Saguaro Correctional Center, who has the ability to release him. *See* Habeas Rule 2(a); *Ortiz Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Brisken also fails to set forth any coherent claims and their federal bases, showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). He alleges no grounds for relief and no facts in support of such grounds. *See* Habeas Rule 2 (requiring a federal habeas petition to state the facts that support each ground for relief); *see also Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (stating Habeas Rule 2(c) imposes a "more demanding" pleading standard than that required by the Federal Rules of Civil Procedure for ordinary civil cases).

The Court will not refer to Brisken's vague claims in his First Petition to glean the meaning of the current Petition. A federal habeas petitioner "is expected to state facts that point to a real possibility of *constitutional* error." *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (emphasis added) (internal

quotation marks and citation omitted); *see James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations . . . [un]supported by a statement of specific facts do not warrant habeas relief." (citation omitted)); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (same). Brisken again fails to do so.

**B.      The Petition Is Time-barred**

Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation on an application for writ of habeas corpus by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Brisken's probation was revoked on September 23, 2013, yet he took no action on his claims in state or federal court until he filed his First Petition on May

3, 2018, which he voluntarily dismissed on June 12, 2018. He then waited more than a year before he filed the present Petition.

Brisken was notified of the statute of limitation and its effect on his claims on May 21, 2018, when he was ordered to show cause why his claims should not be dismissed as time-barred. Even if he was unaware until 2016 (when he filed his civil rights suit) that (1) he could seek post-conviction relief in state court to develop his claim that he was unlawfully convicted, or (2) he could seek habeas relief in the federal court if he had newly discovered evidence that would exonerate him, he fails to explain why he took no action in state or federal court for sixteen additional months after he dismissed the First Petition.

Although the statute of limitation may be equitably tolled, *see Holland v. Florida*, 560 U.S. 631, 634 (2010), equitable tolling is only available if (1) the petitioner "has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). *See also Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006). The "threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted).

The burden of demonstrating that the one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. *See*

*Pace*, 544 U.S. at 418. Brisken asserts no facts showing that he diligently pursued his rights. Nor does he allege anything to suggest he was prevented from doing so by any extraordinary circumstance. Brisken's "confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Waldron Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) (citation omitted). The Petition is time-barred and not subject to equitable tolling.

**C.     The Petition Is Unexhausted**

Even if Brisken could show that he is entitled to equitable tolling, he again admits that he has not raised his claims to any state court, although he says that he only learned about the availability of post-conviction relief since 2016 while pursuing his civil rights action in Arizona in *Brisken v. Griego*, No. CV 16-02434-PHX-JJT (ESW) (D. Ariz.).

Before a state prisoner may challenge his conviction or sentence in federal court he must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue sought to be raised in federal court. *See* 28 U.S.C. § 2254(b)-(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *See Granberry*, 481 U.S. at 134. If state remedies have not been

exhausted, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As Brisken asserts that he has filed nothing in any state court, the Petition is fully unexhausted.

### III. CONCLUSION

(1) The Petition is DISMISSED with prejudice as time-barred.

(2) The Court certifies there is no basis upon which to issue a certificate of appealability as jurists of reason would not find the dismissal of the Petition as time-barred and completely unexhausted to be debatable or wrong. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

(3) Any pending motions are DENIED and the Clerk is DIRECTED to enter judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 22, 2019.

Jill A. Otake
United States District Judge